

22 OAKWOOD ROAD • HUNTINGTON VILLAGE • NY 11743 • TEL: 631-367-4200 • FAX: 631-423-4795

Barbara R. Kirwin Ph.D.
Director

# PSYCHOLOGICAL ADDENDUM: Adam Savader
### D.O.B. 4/15/92

I conducted a psychological examination of Adam Savader to determine his state of mind at the time he committed his offense and I treated him in psychotherapy for four months from May to August, 2013. I filed my Forensic Report in September, 2013 and discharged him to the care of Dr. Theresa DeSantis, psychologist under contract to the Probation Department of the Eastern District of New York. I have not treated Mr. Savader since that time.

In preparation for this update, I consulted with Dr. Raymond Behr, his treating psychiatrist, and Dr. Theresa DeSantis. I also met with Mr. Savader at my office on December 21, 2013 to review my forensic opinion regarding his mental status and its association to his offense; to assess his current psychological state; to gauge the level of progress he has made in his therapy over the last four months; and to formulate recommendations regarding sentencing options.

Mr. Savader was prompt, polite and appropriately groomed for the session. He was driven to my office by his grandparents with whom he spends most of his time. He is very dependent on others emotionally, and although intelligent, he is not functioning appropriately for his age. Mr. Savader's activities are limited due to the electronic monitoring and the fact that he does not drive. He appears to be more socially regressed since the last time I met with him. He has withdrawn in shame from his former friends and finds it extremely painful to now begin contacting them for letters of support. His relationships with his primary family members, on whom he is extremely dependent, continue to be ambivalent and stressful. The holidays have been particularly difficult for him.

Adam Savader presented as more subdued and depressed than previously. Dr. Behr observed that Mr. Savader has become significantly more depressed as the legal proceedings progressed. Dr. Behr has treated Mr. Savader for four years and he diagnoses him with Bipolar Disorder and ADHD. He states that he concurs with my findings that Adam Savader *"was displaying psychotic symptoms and impaired reality testing"* which contributed to his offense. Mr. Savader's medications have remained the same with the addition of Propranolol, a beta blocker, to control his severe anxiety and the tremors that were beginning to worsen as a side-effect of his aggressive medication regimen. Both Dr. Behr and Dr. DeSantis affirm that Mr. Savader has been medication compliant and scrupulous in his attendance at appointments.

Adam Savader stated that it had become more difficult for him emotionally after he plead guilty to his charges because he now considers his whole identity to be tainted. He despairs that this felony conviction will prevent him from having meaningful work in his future. He is so ashamed of his behavior that he is wracked by remorse and regret and continues to torture himself with trying to remember elements of the offense. Dr. DeSantis notes that he is slowly regaining some of these memories but that they continue to precipitate massive panic reactions for him.

Adam Savader derives solace from his Jewish faith and has become more observant. His almost daily attendance at services gives him comfort and helps him put his situation in perspective. However, his anxiety has increased to such an extent that he experienced a major panic attack on Saturday when the Rabbi called upon him to speak. I believe that his anxiety level was

heightened by talking about his offense in my office the day before and his remorse was so overwhelming that he could not face the congregation.

Adam Savader continues to suffer from severe insomnia. He reports that he often cannot fall asleep until after 6:30am because that is the exact time that the FBI came to arrest him. I had previously suggested that he submit to a sleep study to determine the cause of his problems. However, the nature and amount of the psychotropic medication he is prescribed may mask and/or contribute to his overall sleep disturbance. This is something that should be addressed as it adversely affects his adjustment to a productive daily schedule.

**SUMMARY:**

- Adam Savader has no record of previous arrests.
- Mr. Savader cooperated fully with the authorities.
- Mr. Savader has engaged in no illicit internet behavior or illegal actions of any type since his arrest and has cooperated with every condition of his probation.
- He is not a danger to the community or the public welfare.
- Despite his assiduous compliance with treatment, Adam Savader continues to suffer from severe and pervasive symptoms of Bipolar Disorder.
- His manic episode with psychotic features interfered with his rational judgment and his ability to control his impulses which lead to his offense.
- Adam Savader is currently prescribed six powerful psychotropic medications to control his symptoms by his psychiatrist, Dr. Raymond Behr.
- Recently his depression and anxiety have worsened as he faces sentencing.
- The amphetamine-medication Concerta which is prescribed to control Adam Savader's ADHD cannot be prescribed through the BOP clinics since it has potential for addiction and abuse.
- A comprehensive rehabilitation plan for Mr. Savader must contain a component of social skills training to assist him in adjusting to the community from which he has exiled himself since his arrest.
- Removal from the community through incarceration would further diminish Mr. Savader's ability to function autonomously and develop appropriate social skills.
- Adam Savader's relationship to his family, particularly his elderly grandparents, is a positive and stabilizing factor in his life. Incarceration would deprive him of that daily support and impose a serious hardship on his family.
- Adam Savader expresses sincere shame and remorse over his actions and the pain they have caused the girls and their families.
- He believes he has a moral mandate to do something with his life to atone for his actions.
- Incarceration imposes serious risks to Mr. Savader's mental state and may negatively impact his rehabilitation and eventual adjustment to the community.

**IN CONCLUSION:**

I was disappointed that I did not observe more significant improvement in Adam Savader's mental state given his compliance with medication and motivation in psychotherapy. This is a testimony to the severity and complexity of his symptoms and the minimal effect of even the

most expertly prescribed medication regimen. I affirm my clinical opinion that Adam Savader suffered from a serious mental illness which impaired his judgment and substantially interfered with his ability to control obsessive, manic and sexually inappropriate behavior with regard to his offense. I agree with Dr. Behr's diagnosis that Adam Savader continues to suffer from Bipolar Disorder with current features of depression.

Despite the challenges posed by his mental illness, I believe that Mr. Savader is an excellent candidate for rehabilitation and will continue to mature and develop into the upstanding member of society he aspires to be if there is an intensive and comprehensive therapeutic plan in place for him. However, I am concerned that a sentence to a facility within the Bureau of Prisons cannot provide the intensive care within the appropriate therapeutic milieu for accomplishing this goal.

Specifically, the amphetamine-class medication that Mr. Savader requires to control his severe ADHD is not available in these facilities because of its extreme potential for addiction and abuse. Although Adam Savader suffers from severe and pervasive disabling symptoms, his mental illness differs substantially from that of the population in the mental health facilities. Furthermore, there is generally less opportunity for rehabilitative programming and social skills development in the mental health facilities. I believe it is essential to Mr. Savader's mental health and rehabilitation that he be actively engaged in supportive programs. When he is isolated and bored as he has been since his arrest, he engages in pathological brooding and PTSD type flashbacks which interfere with his recovery and ability to function at an age appropriate level. Group therapy should also be available to assist Mr. Savader in developing the social skills and emotional maturity that he currently lacks.

Another crucial therapeutic factor for Mr. Savader is his close relationship with his elderly grandparents with whom he interacts daily. They are extremely positive in stabilizing his mental health and behavior. Additionally, Adam Savader's arrest and subsequent legal situation has devastated his entire family emotionally and financially. Having Mr. Savader remain in the community under strict probation and mental health supervision will promote his rehabilitation and assist the family in recovering from this crisis.

I believe that Adam Savader's rehabilitation can best be served by a sentence of probation with mental health conditions. In my opinion, dual supervision by Probation and a mental health clinic with mandatory attendance at individual psychotherapy, group therapy and continued medication compliance would be the most effective way to promote Adam Savader's reintegration into the community and to avoid the serious threats to his mental state present in a sentence of incarceration.

Mindful of all the reasons discussed above, I respectfully recommend that the Government and the Court give compassionate consideration to a non-custodial sentence for Adam Savader with ongoing intensive mental health treatment and probation supervision focused on the therapeutic management of his Bipolar Disorder, ADHD and Obsessive-Compulsive Disorder.

*Barbara R Kirwin PhD*

Barbara R. Kirwin, Ph.D., ACFP, ACFEI         Date: December 22, 2013
Clinical/Forensic Psychologist
NYS Lic #007009-01